■ LEONARD TRAGER, Respondent, v ROBERT J. McGUIRE, as Commissioner of Police of the City of New York, et al., Appellants. — Order, Supreme Court, New York County (Norman C. Ryp, J.), entered July 23, 1982, which, in a CPLR article 78 proceeding denied respondents' cross motion to dismiss the petition as barred by the Statute of Limitations and granted the petition to the extent of remanding the proceeding for a hearing in conformity with procedural due process, unanimously reversed, on the law, without costs, to grant the cross motion to dismiss the petition. Following a departmental trial, the police commissioner approved the decision and recommendation of the trial commissioner and issued a final order dismissing petitioner, a police officer, effective February 3, 1981. By notice of petition and verified petition served on the police department on June 9, 1981, petitioner commenced this article 78 proceeding seeking an order annulling the determination of dismissal. The respondents-appellants cross-moved pursuant to CPLR 7804 (subd [f]) to dismiss the petition as time barred under the applicable four-month Statute of Limitations set forth in CPLR 217. Special Term denied the cross motion to dismiss and granted the petition to the extent of remanding for a hearing. We disagree and accordingly reverse to grant the cross motion for dismissal. The record establishes that petitioner's attorney was informed on the telephone that the police commissioner had issued a final order of dismissal effective February 3, 1981, on that very date. On the following day, February 4, 1981, a copy of the order of dismissal was mailed to the petitioner at his home by certified mail. A copy of the certified mail return receipt discloses a February 6, 1981 postmark. In addition, there appears to be a February 8, 1981 postmark on the front of the return receipt. CPLR 217 provides that an article 78 proceeding must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner. Whichever of the

several indicated dates with regard to notification is accepted as making the determination final and binding, it is apparent that more than four months elapsed before the commencement of this proceeding. Accordingly, it is clearly time barred and must be dismissed. Additionally, even if the proceeding was not time barred, Special Term erred in remanding for a further hearing without providing an opportunity to the respondents-appellants to interpose an answer. (See CPLR 7804, subd [f].) Concur — Murphy, P. J., Kupferman, Sandler, Ross and Alexander, JJ.